IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CAROL JEAN WOLFE,

      Plaintiff,

v.                                         Civil Action No.: 3:14-cv-04

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.

## ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS

On January 8, 2014, Carol Jean Wolfe, filed a complaint under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), and an Application for Leave to Proceed *in forma pauperis*.[1] Plaintiff's application reveals that she is currently unemployed and that her only source of income is $16 per month in food stamps. Plaintiff's spouse receives $1500 per month in disability payments. Plaintiff and her spouse have $36 cash on hand and $113.37 in a bank account. Additionally, Plaintiff and her spouse own two motor vehicles worth a total of approximately $2000 and two motorcycles worth a total of approximately $800. Plaintiff estimates that her family's average monthly expenses total $1416.02, and she does not expect any major changes to her monthly income or expenses in the next twelve months.

A plaintiff need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins v. E.I. DuPont De Nemours & Co.*, 335 U.S. 331, 339 (1948). Nor should a plaintiff have to enter destitution in order to pay a filing fee. *Id*. The question turns on whether a plaintiff can pay for the costs and "and still be able to provide himself and dependants with the

---

[1] Dkt. Nos. 1 & 2, respectively.

necessities of life." *Id.*[2] Further, in assessing an application to proceed as a pauper, "a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend." *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (quoting *Williams v. Spencer*, 455 F. Supp. 205, 208–09 (D. Md. 1978). Here, Plaintiff's monthly income exceeds her expenses by just $100. Additionally, Plaintiff and her spouse have just $149.37 in total cash on hand. Further, Plaintiff spends very little money per month on discretionary activities such as entertainment and clothing. The Court will note that Plaintiff is not absolutely destitute; however, as noted above, such a finding is not required in order to proceed *in forma pauperis*. It is apparent that Plaintiff does not have enough readily available cash to pay the filing fee. Thus, requiring Plaintiff to pay the $400 filing fee will result in Plaintiff having to forgo other necessities of life. Accordingly, Plaintiff's Application to Proceed Without Prepayment of Fees is **GRANTED**, and it is **ORDERED** that Plaintiff be permitted to prosecute said action to its conclusion without prepayment of costs or giving security therefor.

    The Clerk of the Court is **DIRECTED** to transmit a copy of this Order to Plaintiff's counsel, issue a sixty day summons, and notify the United States Marshals Service who shall serve process pursuant to Federal Rule of Civil Procedure 4(c). Any recovery in this action will be subject to payment of fees and costs, including service of process fees and the $400.00 filing fee.

IT IS SO ORDERED.

DATE: January 22, 2014                          /s/ *James E. Seibert*
                                                                                      JAMES E. SEIBERT

---

[2] The Supreme Court has elaborated on this standard in *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (citation omitted), stating: "Poverty, in its primary sense, is a human condition, to be '[w]anting in material riches or goods; lacking in the comforts of life; needy.'"

                                          UNITED STATES MAGISTRATE JUDGE